UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2002 JUN 14  P 12: 13
CLERK'S OFFICE
AT BALTIMORE
_____ DEPUTY

RECEIVED
U.S. MARSHAL
BALTIMORE MD
2002 JUN 14 PM

| | |
|---|---|
| BANK OF THE WEST | * |
| 1450 Treat Boulevard | |
| P.O. Box 8050 | * |
| Walnut Creek, California 94596-8050 | |
| | * |
| Plaintiff | |
| | * |
| v. | |
| | * |
| YACHT BAGATELLE | |
| (Official Number 599852), her engines, | * |
| tackle, furniture, equipment, etc., in rem, | |
| et al. | * |
| | |
| Defendants | * |

CIVIL ACTION NO.:

WMN-02-CV-1433

* * * * * * * * * * * *

### ORDER FOR INTERLOCUTORY SALE OF VESSEL BY PUBLIC AUCTION

Plaintiff's Motion for Interlocutory Sale of the Yacht BAGATELLE, etc., having been read and considered, and the Court finding that the Defendant Vessel was arrested by the United States Marshal on April 23, 2002, that no security for the release of the vessel has been posted, that the vessel is still in the custody of the Substitute Custodian appointed herein, that further excessive and disproportionate expense will be incurred for the maintenance and preservation of the vessel while in the custody of the Substitute Custodian and that it is in the best interest of all parties that a sale of the vessel be made promptly, it is this **14th** day of **June**, 2002, by the United States District Court for the District of Maryland,

ORDERED, that pursuant to Supplemental Rule E(9)(b) of the Federal Rules of Civil Procedure and Local Admiralty Rule (e)(12), the United States Marshal be, and he is hereby, authorized and directed to sell the Yacht BAGATELLE (Official No. 599852), her engines, tackle, equipment, furniture and all other necessaries thereunto appertaining and belonging, and

90397 v. (04856.00050)

to make all necessary preparations and arrangements in furtherance of such sale, to occur within thirty (30) days of this Order, at Bay Bridge Marina, Pier 1 Road, Stevensville, Maryland 21666, at public auction for cash to the highest bidder upon the following terms:

(a) The person whose bid is accepted shall immediately pay the U.S. Marshal the full purchase price if the bid is $1,000 or less. If the bid exceeds $1,000, the bidder shall immediately pay a deposit of at least $1,000 or 10% of the bid, whichever is greater, and shall pay the balance within three days after the day on which the bid was accepted. If an objection to the sale is filed within that three-day period, the bidder is excused from paying the balance of the purchase price until three days after the sale is confirmed. Payment shall be made in cash, by certified check, or by cashier's check drawn on banks insured by the Federal Deposit Insurance Corporation or the Federal Savings and Loan Insurance Corporation. If the successful bidder does not pay the balance of the purchase price within the time allowed, the bidder shall be in default. In such a case, the judicial officer may accept the second highest bid or arrange a new sale. The defaulting bidder's deposit shall be forfeited and applied to any additional costs incurred by the Marshal because of the default, the balance being retained in the registry of the Court awaiting its order.

(b) In the event Plaintiff, Bank of the West, is the highest bidder, then Plaintiff's bid shall be deemed maintained as a fund by Bank of the West and subject to the credit of Plaintiff's claim against the Defendant vessel or the proceeds of its sale as stated in the Verified Complaint, and Plaintiff need not pay any amount to the United States Marshal, or his agent, except that amount which it has bid in excess of the amount prayed for in its Verified Complaint, subject to the further Order of this Court.

(c) The sale shall be subject to confirmation or rejection by the court within five (5) court

122946 v. (07981.00001)

days, but no sooner than three (3) court days after the sale pursuant to Local Admiralty Rule (e)(12)(f).

(d) After ratification of sale and payment of the purchase price, any person having a claim against the vessel or property that arose before ratification must present the same by intervening complaint pursuant to Local Admiralty Rule (e)(10)(a), against the proceeds of the sale and may not proceed against the vessel unless a judicial officer shall otherwise order for good cause shown. Where an intervening complaint prays service of process in rem, the filing of such intervening complaint with the clerk shall be deemed to be a claim against such proceeds without the issuance of an in rem process, unless a judicial officer shall otherwise order for good cause shown. The judicial officer shall allow a period of at least thirty (30) days after due ratification of the sale for the submission of such claims.

(e) Permission to inspect the Defendant vessel at reasonable times will be available through the United States Marshal, or his agent, or the Substitute Custodian, and it is

FURTHER ORDERED, that:

(a) The Marshal is to cause to be published a notice of the date, time, place and terms of the sale in The Daily Record at least seven (7) days prior to the date of sale. The cost of publication advanced by any party herein shall be deemed administrative expenses, and shall constitute a first charge against the proceeds of any sale.

(b) All expenses of maintenance, keepers and watchmen's fees, storage, port risk and other insurance, for newspaper advertisements, and any other expenses necessarily incurred by the Marshal for the preservation of the Yacht BAGATELLE, etc., pending sale, shall be deemed to be administrative expenses of the Marshal and shall be deducted from the proceeds of said auction sale, with the balance remaining to be deposited in the registry of this court to stand in

the place of the vessel pending further disposition of this action.

_____
United States District Judge

122946 v. (07981.00001)